UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOANN JACKSON                                    CIVIL ACTION

VERSUS                                           NO: 10-4629

CONOCO PHILLIPS COMPANY, ET                      SECTION: R(3)
AL.

**ORDER AND REASONS**

Before the Court is defendant ConocoPhillips Company's (Conoco's) motion for summary judgment on the grounds that plaintiff Joann Jackson's remedy is limited to Workmen's Compensation benefits.[1]  Because there are no genuine issues of material fact regarding Conoco's status as a statutory employer, Conoco's motion is GRANTED.

**I.   BACKGROUND**

On August 25, 2004, Conoco entered into a Master Services Agreement (MSA) with Securitas Security Services, USA, Inc., under which Securitas agreed to provide security services for Conoco at its Alliance Refinery in Belle Chasse, Louisiana.[2]  The MSA states in relevant part:

---

    [1]    (R. Doc. 22.)

    [2]    (R. Doc. 22-5 at 2, 20.)

> Company and Contractor agree that the work and operations performed by Contractor and its employees pursuant to the Agreement are an integral part of and are essential to the ability of the Company to generate Company's goods, products and services, and that Contractor's work shall be considered part of Company's trade, business and occupation, for the purposes of La. R.S. 23:1061(A)(1).  Furthermore, Company and Contractor agree that Company is the principal or statutory employer of Contractor's employees for the purposes of La. R.S. 23:1061(A).[3]

Plaintiff Joann Jackson was employed by Securitas as a security sergeant and assigned to work at the Alliance Refinery. She alleges that, on or about December 3, 2009, she was injured after work when she stepped and fell into an uncovered pilling hole while walking to the refinery's parking lot.  According to Conoco, Jackson filed a workers' compensation claim in the Office of Workers' Compensation in New Orleans in May 2010.  Jackson then filed this action in Louisiana state court on December 3, 2010.[4]  Defendants Kellogg, Brown & Root Services, Inc. and Halliburton Energy Services, Inc. removed the case to this Court on December 28, 2010.[5]  Conoco now moves for summary judgment.[6]

---

[3]   (R. Doc. 22-5 at 51.)

[4]   (R. Doc. 1-1.)

[5]   (R. Doc. 1.)

[6]   (R. Doc. 22.)

**II. STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th

Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

Conoco asserts that it is entitled to summary judgment because Jackson's exclusive remedy is under the Workers' Compensation Act, which provides that an employee may not sue his or her employer or any "principal" in tort. *See* La. Rev. Stat. § 23:1032 (2002). Louisiana law provides:

> [W]hen any 'principal' . . . undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the 'contractor,' for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him.

La. Rev. Stat. § 23:1061(A)(1) (2002). The statute indicates that work shall be considered part of the principal's trade if it is "an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.* The statute also provides that, when a contract recognizes the existence of a statutory employer relationship, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees." *Id.* at § 23:1061(A)(3). The "presumption may be overcome only by showing that the work is not an integral part of or essential to

5

the ability of the principal to generate that individual principal's goods, products, or services." *Id.* Here, Conoco submits the MSA executed between it and Securitas, which expressly recognizes that Conoco shall be considered a "statutory employer" within the meaning of section 23:1061. Conoco maintains that summary judgment is appropriate because the MSA gives rise to a rebuttable presumption of a statutory employer relationship and because Jackson has not shown that the services provided by Securitas are not an integral part of Conoco's work.

Jackson does not dispute that the work performed by Securitas is integral to Conoco's operations. Indeed, Louisiana courts have indicated that the words "integral" and "essential" in section 23:1061 should be expansively construed. *See Ramos v. Tulane University of Louisiana*, 951 So.2d 1267, 1270 (La. Ct. App. 2007); *Jackson v. St. Paul Ins. Co.*, 897 So.2d 684, 689 (La. Ct. App. 2004). The Court is aware of only a single case finding that a contractor's work was not essential or integral to an employer's operations after the 1997 amendments to section 23:1061. *See Jordan v. Central Mgm't Co.*, 745 So.2d 116, 122 (La. Ct. App. 1999) (finding no error in the trial court's determination luxury beautician services were not essential or integral to a nursing home's work). By contrast, several courts have found that work outside of an employer's core operations may still be essential or integral to its work. *See, e.g., Johnson*

6

*v. Tenn. Gas Pipeline Co.*, 99 F. Supp. 2d 755, 758 (E.D. La. 2000) (finding catering services essential to oil and gas compressor facility); *Hodges v. The Mosaic Co.*, 2007 WL 2008503, at *3 (E.D. La. 2007) (finding installation of an electrician's scaffolding essential to a chemical manufacturer's operations). And one court in this district has held specifically that security services, such as those provided by Securitas, are integral to an oil refinery's operation. *See Oliver v. Day & Zimmermann*, 2006 WL 508047, at *2 (E.D. La. 2006) ("The undersigned has no difficulty concluding that the provision of security services is indeed essential to Chalmette Refining's operations, especially considering that plaintiffs have come forward with no evidence to suggest it is not, which it is their burden to do.").

Jackson's only argument in opposition to Conoco's motion is that summary judgment is not appropriate because discovery is ongoing and because it has not yet been confirmed whether the MSA was in effect at the time she was injured. Conoco, however, submits the sworn declarations of Jerry Hampton,[7] a Conoco employee, and Jack Serpas,[8] Securitas's regional president, both of whom attest that MSA was in full force and effect on December

---

[7] (R. Doc. 22-5 at 2.)

[8] (R. Doc. 28-5.)

3, 2009, the date of the alleged accident.[9]  Although Jackson maintains that further discovery would allow her "to ascertain whether the MSA was cancelled prior to her injury,"[10] Jackson's request for additional discovery does not meet the requirements of Rule 56(d), which is designed to safeguard against a premature or improvident grant of summary judgment.  *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).  Jackson has not presented any affidavits or declarations, as required by Rule 56(d), and she has not specified precisely what discovery would be necessary in order to respond to Conoco's motion. Jackson has had several months to conduct discovery, and the question of whether the MSA was in effect on the date of the alleged accident is not complex.  Accordingly, the Court finds Jackson is not entitled to additional time for discovery and that there is no genuine issue of material fact regarding Conoco's status as a statutory employer.  Jackson's exclusive remedy is under the Workers' Compensation Act, which immunizes Conoco from the tort liability asserted in this lawsuit.  The Court therefore grants Conoco's motion for summary judgment.

---

[9] (R. Doc. 22-5 at 2.)

[10] (R. Doc. 27 at 2.)

**IV. CONCLUSION**

For the foregoing reasons, Conoco's motion for summary judgment is GRANTED and Jackson's claims against Conoco are hereby DISMISSED.

New Orleans, Louisiana, this 24th day of August, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE