UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOANN JACKSON                          CIVIL ACTION

VERSUS                                 NO: 10-4629

CONOCO PHILLIPS COMPANY, ET            SECTION: R
AL.


**ORDER AND REASONS**

Before the Court are two motions: (1) defendants Kellogg
Brown & Root Services, Inc.'s ("KBR") and Halliburton Energy
Services, Inc.'s motion for summary judgment,[1] and (2) defendant
Conoco Phillips Company's motion for entry of judgment.[2] Because
plaintiff has not set forth facts demonstrating a genuine issue
for trial, the court grants the former motion. With entry of
final judgment to follow, the latter motion is denied as moot.


**I.   BACKGROUND**

On August 25, 2004, Conoco Phillips Company entered into a
Master Services Agreement ("MSA") with Securitas Security
Services, USA, Inc., under which Securitas agreed to provide
security services for Conoco at its Alliance Refinery in Belle

---

[1]    R. Doc. 40.

[2]    R. Doc. 38.

Chasse, Louisiana.[3] Plaintiff Joann Jackson was employed by Securitas as a security sergeant and assigned to work at the Alliance Refinery. She alleges that, on or about December 3, 2009, she was injured after work when she stepped and fell into an uncovered piling hole while walking to the refinery's parking lot. Jackson then filed this action in Louisiana state court on December 3, 2010.[4] Defendant KBR, having contracted with Conoco to provide engineering and/or construction work at the Alliance Refinery, was also joined as a party defendant, along with its one-time parent company, Halliburton. KBR and Halliburton removed the case to this Court on December 28, 2010.[5]

On August 24, 2011, Conoco was awarded summary judgment, having established that it was Jackson's statutory employer and therefore entitled to tort immunity, as Louisiana's Workers' Compensation Act provided Jackson's exclusive remedy.[6] Conoco now seeks entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).[7] Plaintiff does not contest the motion.

---

[3]    R. Doc. 22-5 at 2, 20.

[4]    R. Doc. 1-1.

[5]    *Id.* at 4.

[6]    R. Doc. 32.

[7]    R. Doc. 38.

On October 5, 2011, defendants KBR and Halliburton moved for summary judgment,[8] arguing that plaintiff cannot make the requisite showing that either defendant owed her a duty of care, that any such duty was breached, or that any breach was the cause of her injuries. Without a genuine issue of material fact in this case, defendants argue that summary dismissal is required.

## II.  MOTION FOR SUMMARY JUDGMENT

### A.  Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are

---

[8]    R. Doc. 40.

insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at

325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**B.   Plaintiff Has Not Met Her Burden To Survive Summary Judgment**

Under Louisiana law, "[t]he duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability." *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (quoting *Lemann v. Essen Lane Daiquiris*, 923 So. 2d 627, 633 (La. 2006)). A plaintiff must prove each of five elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). *Id. See also Knight v. Kellogg Brown & Root Inc.*, 333 Fed. Appx. 1, 6 (5th Cir. 2009) (applying Louisiana law). A plaintiff's failure to prove any one of these elements results in

a determination of no liability. *Knight,* 333 Fed. Appx. at 6.
Defendants contend that there is no evidence as to the existence
of a duty, its breach, and causation.

    *i.   Duty*

    Whether a defendant has breached a duty owed is a question
of fact generally resolved by the jury, *see Monson v. Travelers
Prop. & Cas. Ins. Co.*, 955 So. 2d 758, 761 (La. App. 5th Cir.
2007) (citing *Mundy v. Dept. of Health and Human Res.*, 620 So. 2d
811 (La. 1993)), but the existence of such duty of care is a
question of law. *See Laughlin v. Falcon Operators, Inc.*, 166 F.
Supp. 2d 501, 504 (E.D. La. 2001) (finding that plaintiffs failed
to provide evidence demonstrating a duty of care owed, having
pointed to no statutory, contractual, or customary duty to fill
can holes on a lift barge, or warn others about their existence);
*Florida Fuels, Inc. v. Citgo Petroleum Corp.*, 6 F.3d 330, 333
(5th. Cir. 1993). Louisiana law imposes a duty on one performing
construction work to label, mark, or barricade places in the
construction site that present an unreasonable risk of harm to
persons using the area. *Taylor v. Entergy Corp.*, 816 So. 2d 933,
940 (La. App. 4th Cir. 2002) (internal quotation omitted).

    Although it denies doing the original pile driving, KBR
admits that it cut and capped pilings at Conoco's request at what
was once to be a construction site on Conoco's property. It also

admits placing red/orange warning flags around the area and barricading the area with yellow caution tape. Although KBR denies that it was contractually obligated to keep the subject area secured or barricaded, its admissions that it cut and capped pilings, and barricaded and flagged the area at Conoco's request, supports a contrary inference. Further, the existence of such a duty, contracted as an agent of the landowner, could support a duty to a third party like the plaintiff not to perform the contractual duty negligently. See *Lyncker v. Design Eng'g, Inc.*, 988 So. 2d 812, 814 (La. App. 4th Cir.), *writ denied*, 992 So.2d 1036 (La. 2008); *Morgan v. Lafourche Recreation Dist. No. 5*, 822 So. 2d 716, 721 (La. App. 1st Cir.), *writ denied*, 827 So. 2d 1156 (La. 2002); *Cormier v. Honiron Corp.*, 771 So.2d 193, 197 (La. App. 3rd Cir. 2000). Thus, the Court cannot determine as a matter of law that defendants are entitled to summary judgment on the duty issue.

Further, this case is distinguishable from *Knight*, 333 Fed. Appx. 1 (5th Cir. 2009), upon which defendants rely. There, the Fifth Circuit examined the summary judgment evidence and determined that "affidavits and depositions demonstrate that KBR performed no maintenance work in the area" in which plaintiff's accident took place. *Id.* at 7. Thus, there was "nothing in the record to suggest that KBR owed a duty to the plaintiffs[.]" *Id.* Here, however, KBR admits having worked to cap pilings and mark

7

the area where plaintiff's accident allegedly occurred. This case is therefore not controlled by *Knight*, where the defendant had no connection to the subject area.

*ii. Causation*

Even with all inferences drawn in plaintiff's favor, however, the Court must grant defendants summary judgment, as the record in this case is devoid of any evidence that KBR's purported breach caused plaintiff's injuries. Jackson has submitted no deposition testimony, expert declarations, or evidence of any sort indicating that she fell into a hole inside the subject area, that the hole was covered by a defective piling cap or no piling cap at all, or that her injury was otherwise caused by a KBR act or omission. Thus, there is nothing of evidentiary weight in the summary judgment record even to support a finding of how the accident occurred, much less what caused it. Without an evidentiary showing that KBR's conduct caused her injuries, Jackson has failed to meet her burden necessary to survive summary judgment.

**C.    Plaintiff Has Not Met Her Burden Of Showing That Summary Judgment Is Premature**

Jackson's only other argument in opposition to defendants' motion is that summary judgment is not appropriate because discovery is ongoing. She argues that "[s]everal potential

8

individuals having additional information relative to the case were fully identified" in defendants' supplemental interrogatory responses submitted on October 10, 2011. Thus, plaintiff's counsel wants to depose these parties "at its earliest convenience with opposing counsel."[9] Arguing that "the interests of justice would best be served" by allowing additional time, plaintiff does not specify in any detail what she expects to gain from additional discovery.

Rule 56 does not require that any discovery take place before summary judgment can be granted; and if a party cannot adequately defend such a motion, Rule 56(d) is her remedy.[10] *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). The rule, designed to safeguard against a premature or improvident grant of summary judgment, requires the nonmovant to present specific facts explaining his inability to make a substantive response. *Id.* That party must demonstrate "how postponement of a ruling on the motion will allow him, by discovery or other means, to rebut the movant's showing of an absence of a genuine issue of fact." *Id*. (quoting *Securities and Exchange Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901

---

[9]     R. Doc. 46 at 3.

[10]     Before 2010, the governing rule was 56(f), not 56(d). But in 2010, the content of Subdivision (f) was incorporated into Subdivision (d) of the rule. *See* Advisory Committee Notes, 2010 Amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

(5th Cir. 1980). In so doing, the nonmovant "may not rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id.*

Jackson's request does not meet the requirements of Rule 56(d). Jackson has not presented any affidavits or declarations, as required by the rule, nor has she given reason for her failure to conduct any depositions in the year since her complaint was filed. With trial mere weeks away, additional time for discovery would be inappropriate absent extenuating circumstances. Here, however, the primary issues are not so complex as to explain such delays or warrant extension of the discovery period, and Jackson has not stated what information she expects to obtain by additional discovery that will enable her to demonstrate a genuine issue for trial. Failing Rule 56(d)'s requirements, Jackson's request for more time must be denied.

## III. CONOCO'S MOTION FOR ENTRY OF JUDGMENT

Federal Rule of Civil Procedure 54(b) provides the following:

> When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

10

Fed. R. Civ. P. 54(b). The Fifth Circuit has noted that "[o]ne of
the primary policies behind requiring a justification for Rule
54(b) certification is to avoid piecemeal appeals." *PYCA Indus.,
Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir.
1996). That court explained that Rule 54(b) judgments are not
favored and should be awarded only when necessary to avoid
injustice: "A district court should grant certification [in a
Rule 54(b) case] only when there exists some danger of hardship
or injustice through delay which would be alleviated by immediate
appeal; it should not be entered routinely as a courtesy to
counsel." *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum,
Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for this Court is whether "there is no
just reason for delay," a determination which is within the sound
discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d
1221, 1224 (5th Cir. 1992). In making this determination, the
district court has a duty to weigh "the inconvenience and costs
of piecemeal review on the one hand and the danger of denying
justice by delay on the other." *Road Sprinkler Fitters Local
Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)
(quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507,
511 (1950)).

Conoco has failed to convince the Court that "there exists
some danger of hardship or injustice through delay" of final

11

judgment. *PYCA Indus., Inc.*, 81 F.3d at 1421 (holding that the district court abused its discretion by certifying an appeal without a finding of hardship). Indeed, Conoco has not even *argued* that hardship would result absent immediate entry of judgment. Nevertheless, since the Court has granted summary judgment as to KBR and Halliburton, the entire action has now been decided, and entry of judgment as to all parties will follow this order. The Court therefore denies Conoco's motion as moot.


**IV.  CONCLUSION**

For the foregoing reasons, KBR's and Halliburton's motion for summary judgment is GRANTED. Conoco's motion for entry of judgment is DENIED as moot.


New Orleans, Louisiana, this 14th day of November, 2011.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE